GLADNEY, Judge.
J. E. Harper, Trustee in bankruptcy of John B. Motley, instituted this action against the Hartford Fire Insurance Company, insurer of John B. Motley, to recover the sum of $8,486.95 as the value of certain rare coins allegedly lost through theft by Motley between the hours of 9:00 o’clock P.M. on June 15, 1963 and 9:00 o’clock A.M. June 16, 1963. The defendant insurer joined issue by filing an answer in the nature of a general denial and excepting to plaintiff’s right to recover one-half of the loss on the ground that John B. Motley and his wife, Mildred June Spurger Motley, had become judicially separated and the community of acquets and gains existing between them had been dissolved. Mrs. Motley, however, filed a disclaimer of any interest in the coins and the special defense passed out of the case. Following trial judgment was rendered in favor of plaintiff for the amount claimed and the defendant has appealed. Appellee has answered the appeal asserting demands for statutory penalties and attorneys fees.
John B. Motley, at the time of the loss, operated a coin shop in the city of Shreveport, Louisiana, doing business as J & M Coin Shop and was insured by defendant. The provisions of the policy protected from loss occasioned by theft. On June 14, 15 and 16 of 1963 the insured was displaying his coin collection in Nacogdoches, Texas at a coin dealers’ convention. Sometime between the hours of 9:00 P.M. on June 15, 1963 and 9:00 A.M. on June 16, 1963 a portion of the insured’s collection was stolen from the convention showroom. The insured furnished proof of loss on August 14, 1963 but payment of the claim was denied. On February 10, 1964 the insured filed a petition in bankruptcy and was adjudicated a bankrupt.
*189 Only two issues, both of a factual nature, are presented on this appeal, the first issue is whether plaintiff has shown that the coins were lost by theft, and the second issue is whether plaintiff has established the amount of loss sustained by the insured.
The insured and his wife, Mildred June Motley, both testified that the coins were taken to Nacogdoches, Texas to be displayed in the Fredonia Hotel in conjunction with the East Texas Coin Dealers Convention that was being held there. On June 14, 1963 the coins were displayed on two tables in the hotel showroom. At approximately 8:45 P.M. the displays were being closed and Mrs. Motley put the coins in a leather satchel, which was then placed under one of the display tables. Mrs. Motley then left the showroom in the company of Mr. and Mrs. James P. Wall. Security arrangements made with the Nac-ogdoches Police Department prohibited admittance to the showroom between the hours of 9:00 P.M. and 9:00 A.M. during which time security guards were stationed in the showroom. After dinner Mrs. Motley and Mrs. Wall retired to their rooms, and Mr. Motley and Mr. Wall joined an all night poker game. At approximately 8:45 A.M. on June 16, 1963 Mrs. Motley, again in the company of Mr. and Mrs. Wall, entered the showroom to arrange the coin display and discovered the leather satchel and coins were missing. Mrs. Motley immediately reported the incident to the Nacogdoches Police Department who began an investigation which at the date of trial had not produced the missing coins.
The defendant has strenuously attacked the integrity and credibility of the insured, basing the attack largely on the deposition of M. C. Roebuck, Chief of the Nacogdoches Police Department. Examination of this testimony reveals that much of it is inadmissible and related to incidents occurring approximately twenty years ago. We cannot regard this deposition as destroying the otherwise uncontra-dicted testimony of Mrs. Motley and Mr. and Mrs. Wall.
In proof of the value of the coins lost plaintiff adduced testimony that the inventory filed in connection with the proof of loss accurately reflected the catalogue price for the coins listed. Additionally, a disinterested coin dealer, Jack Peyton, who qualified as an expert witness on the value of the rare coins, explained that he checked the inventoried list of coins in the standard coin dealers catalogue to determine their market value, and then cross-checked these values against advertisements appearing in coin dealers’ periodicals to see that the catalogue prices were current. This expert placed a total retail value of $8,287.15 on the listed coins, a figure approximately two hundred dollars less than the amount demanded by plaintiff.
The testimony of plaintiff’s expert witness and the other witnesses familiar with the market for rare coins shows that the market value of any one coin fluctuates radically depending on the demand for that particular coin at that particular time. The market value therefore may at one time exceed the catalogue value and at another time be considerably less than the cata-logue price. In such a situation the only standard and acceptable measure of the value is the catalogue value.
The determination of the trial court that statutory penalties and attorney’s fees should be denied plaintiff is not an abuse of the discretion vested in that court and should, therefore, not be disturbed on appeal.
The judgment of the trial court is affirmed with costs of this appeal taxed to appellant.
Affirmed.